**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

JERIENE KIM BRYANT,                                Case No. 97-34491-KLP

    Debtor.                                             Chapter 7

JERIENE KIM BRYANT,

    Plaintiff,

v.                                                 APN 14-03127-KLP

SM SERVICING,
NY STATE HIGHER EDUCATION,
SUNTRUST BANK, and
EDUCATIONAL CREDIT MANAGEMENTCORPORATION,

    Defendants.

## PRETRIAL ORDER

Counsel for the parties attended a pretrial conference held by the Court on September 30, 2014. Counsel estimated the time necessary to conduct the trial of this case to be **2-3 Hours**. As promptly as possible, counsel must advise the Court (1) if the time necessary to conduct the trial will exceed the estimated trial time, or (2) if a settlement is reached in this case.

**IT IS ORDERED** that the following schedule is established in this adversary proceeding. Failure to comply with this Order shall result in appropriate sanctions.

    1.    The trial shall be held in the United States Bankruptcy Court, **Room 5100**, United States Bankruptcy Courthouse, 701 East Broad Street, Richmond, Virginia on **February 5, 2015** (the "Trial Date") at **2:00 p.m.**

2. The parties shall make the pretrial disclosures required under Rule 7026(a)(1) of the Federal Rules of Bankruptcy Procedure within **14 days** following the entry of this order.

3. On or before **21 days prior to the Trial Date** counsel for the parties shall meet at a mutually convenient location and make a good faith effort to narrow the issues in the trial and to enter into written stipulations of any uncontroverted facts (the "Stipulation"). The Stipulation (or in lieu thereof, a joint statement of counsel that no agreement as to any uncontroverted facts could be reached) shall be filed with the Court on or before **14 days prior to the Trial Date**.

4. Notwithstanding the provisions of Rule 7026(d)(1) of the Federal Rules of Bankruptcy Procedure, discovery may commence immediately and shall be completed on or before **21 days prior to the Trial Date**.

5. All motions for summary judgment and all other dispositive motions must be filed no later than **30 days prior to the Trial Date**.

6. The parties shall make the disclosures of expert testimony required by Rule 7026(a)(2) of the Federal Rules of Bankruptcy Procedure no later than **60 days prior to the Trial Date**, or, if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 7026(a)(2)(B) of the Federal Rules of Bankruptcy Procedure, on or before **21 days after the disclosure** made by the other party.

7. On or before **14 days prior to the Trial Date**, counsel for the parties shall file with the Clerk a list of proposed exhibits and the proposed exhibits. The exhibits

shall be filed in accordance with the attached instructions which are hereby incorporated and made a part of this order.

8. Objections to any of the proposed exhibits shall be filed on or before **7 days prior to the Trial Date**. Exhibits to which no timely objection has been made will stand as admitted into evidence.

9. Counsel for Plaintiff shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that Plaintiff intends to call to testify at trial on or before **14 days prior to the Trial Date**; and counsel for Defendant shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that Defendant intends to call at trial not later than **10 days prior to the Trial Date**. Counsel for Plaintiff may file a list of rebuttal witnesses on or before **7 days prior to the Trial Date**.

10. Counsel for the parties shall file a designation of those witnesses whose testimony is expected to be presented by means of a deposition and a redacted transcript of the pertinent portions of the deposition testimony on or before **14 days prior to the Trial Date**. Any other party may file counter designations of the redacted portions of the deposition transcript they deem relevant not later than **10 days prior to the Trial Date**. Objections to the use under Rule 7032(a) of the Federal Rules of Bankruptcy Procedure of a deposition so designated by another party shall be filed on or before **7 days prior to the Trial Date**.

11. Should a settlement be reached, counsel shall immediately file any motion required by Rule 9019 of the Federal Rules of Bankruptcy procedure for approval of the settlement (the "Rule 9019 Motion"). Counsel shall schedule a hearing to be conducted

not later than **28 days after the Trial Date** to consider any Rule 9019 Motion and for presentation of a final order.

12.    It is the responsibility of all counsel to be thoroughly acquainted with and follow the procedures set forth in the statutes, the national and local bankruptcy rules, and the requirements of the Judge.

13.    The Clerk shall forward a copy of this order to all counsel of record and to Sallie Mae Servicing, LP, R/A CT Corporation System, 4701 Cox Rd, Suite 301, Glen Allen, VA 23060; NY State Higher Ed, Elsa Magee, Acting President, 99 Washington Ave, Albany, NY 12255; Suntrust Bank, R/A Corporation Service Co., BOA Center, 16th Floor, 1111 E. Main St, Richmond, VA 23219; Suntrust Bank, CEO William H. Rogers, Jr., 303 Peachtree St, NE Atlanta, GA 30308; and Suntrust Bank, James Wells, III, CEO, 919 East Main Street, 13th Floor, Richmond, VA 23219

Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to Withdraw the Reference or for other appropriate relief within **30 days** of the entry of this Scheduling Order, and shall promptly set the matter for hearing. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

**SO ORDERED**, this 2nd day of October, 2014.

                                /s/ Keith L. Phillips
                          UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Oct 2 2014

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

**INSTRUCTIONS**
**FOR PREPARING EXHIBIT LIST, PREMARKING EXHIBITS**

**NOTE: The following procedures are to be followed in electronic (ECF) cases.**

Exhibits List

The Exhibits List must be typewritten -double spaced - and should briefly describe each Exhibit to be introduced at trial.

Exhibits

Each Exhibit should be numbered on a colored adhesive label, in accordance with the following:

    PLAINTIFF* YELLOW - numerically beginning No. 1
    DEFENDANT* BLUE - alphabetically, e.g., A, B, C, . . AA, AB, etc.
    GOVERNMENT YELLOW - numerically beginning No. 101

*In cases with more than one party, please identify the appropriate party on each Exhibit.

The adhesive labels should be affixed at the bottom of the Exhibit. Exhibits must be numbered to correspond with the numbers assigned on the Exhibits List to such Exhibit.

Exhibits should be letter size (8½" x 11"), photo-reduced if necessary, pursuant to Local Rule 5005-1(C)(3).

If an Exhibit is a small document, such Exhibit must be stapled to a sheet of standard sized paper, and the Exhibit label affixed to the bottom of the sheet of paper. In the case of a group of photographs or checks, please affix a separate label to each photograph or check, and number as follows:

    PLAINTIFF - 1-A, 1-B, 1-C, etc.
    DEFENDANT - A-1, A-2, A-3, etc.
    GOVERNMENT - 101-A, 101-B, 101-C, etc.

The marked Exhibits must be firmly bound and tabbed. The originals and two copies of both the Exhibits and Exhibits List should be filed with the Court by the date set in the Pretrial Order. Sufficient copies should be available for each opposing counsel.

It is desirable that counsel stipulate as to the admissibility of as many Exhibits as possible, so that such Exhibits may be admitted into evidence at the beginning of trial.